UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIMMY BAKER, JR.                                                              PLAINTIFF

v.                        Civil No. 2:17-cv-02113

SHERIFF BILL HOLLENBECK;
CAPTAIN JOHN MILLER; CINDY MOOR;
and SERGEANT WILLIAM DUMAS                                                    DEFENDANTS


**ORDER**

This is a civil rights case filed by the Plaintiff, Jimmy Baker, Jr., under the provisions of 42 U.S.C. § 1983 on July 7, 2017. Plaintiff proceeds *pro se*.

**I.     BACKGROUND**

With his complaint, Plaintiff submitted an *in forma pauperis* (IFP) application, however, he failed to sign his IFP application. (Doc. 2, p. 2). By order entered on July 7, 2017, Plaintiff was directed to submit a completed IFP application, including signature, by July 24, 2017. (Doc. 3). The order stated that Plaintiff's failure to return the completed IFP application or pay the $400 filing fee by July 24, 2017, would subject the complaint to summary dismissal for failure to obey an order of the Court. This order (Doc. 3) was not returned as undeliverable.

Plaintiff did not file the completed IFP application or pay the $400 filing fee. He did not seek an extension of time to do so. Plaintiff has not communicated with the Court since July 7, 2017.

**II.    LEGAL STANDARD**

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from

1

complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to comply with a Court order and has failed to prosecute this matter.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IV.     CONCLUSION**

For these reasons, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 29th day of August, 2017.

*/s/ P. K. Holmes, III*
HON. P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE